IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

C & I ENTERTAINMENT, LLC                                                        PLAINTIFF

V.                                                                              CASE NO. 1:08CV16

FIDELITY AND DEPOSIT COMPANY OF MARYLAND                                        DEFENDANT

**ORDER**

This cause comes before the court on the motion [13] of the defendant, Fidelity and Deposit Company of Maryland ("Fidelity"), seeking summary judgment.

Ralph McKnight & Son Construction, Inc. ("McKnight") contracted with C & I Entertainment, LLC ("C & I") to build a movie theater and skating rink in Kosciusko, Mississippi on August 7, 2001. McKnight obtained a performance bond from Fidelity. A dispute between C&I and McKnight arose over the quality of the construction. C & I withheld final payment. On August 29, 2003, McKnight sued C & I. C & I subsequently filed a counterclaim.

On December 9, 2003, C & I sent a letter to Fidelity informing them "a negotiation [with McKnight] is in progress toward a proposed settlement of damages and lost revenues . . [and] if a full settlement does not occur relief may be sought under the bond as issued in this matter." On May 24, 2004 a demand was made on the bond. That demand was denied on March 3, 2005.

On December 28, 2007, C&I filed the instant matter in the Circuit Court of Attala County alleging breach of contract and bad faith denial of a claim. That action was removed to this court.

Summary judgment is appropriate when the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

The issue in this matter is whether the statute of limitations has run. Both parties agree the applicable limitation period is the three years provided for in MISS. CODE ANN. § 15-1-49. The parties simply disagree about when the statute began to run. Fidelity argues the statute began to run on December 11, 2002,[1] when C & I first had notice of the construction defects. C & I counters that the clock did not start until March 3, 2005 when Fidelity denied the claim.

Causes of action for contractual claims accrue on the date the facts allow a plaintiff to bring a cause of action. *Citifinancial Mortg. Co., Inc. v. Washington*, 967 So.2d 16, 19 (Miss. 2007) (citing *Oaks v. Sellers*, 953 So. 2d 1077, 1080 (Miss. 2007)). The question before the court is when could C & I have sued Fidelity.

While Fidelity argues they could have been sued in December 2002, it appears the conditions precedent to liability had not been met at that time. The contract allows for an

---

[1] Fidelity argues C&I may have had notice before this date. The point is irrelevant, however, as any notice prior to December 28, 2004 would place the claim outside the statute of limitations.

obligation to be imposed on Fidelity only after a number of conditions have been met. One of those conditions is that C & I notify both McKnight and Fidelity that it is considering declaring default and then attempts to arrange a conference to clear any problems. Further, the contract states if all three parties agree the contractor shall be allowed a reasonable time to perform the contract and any such agreement shall not waive C & I's right to declare default or pursue any remedy.

The documents submitted show that is exactly how C & I proceeded. Having met those conditions precedent, they then filed a claim on May 24, 2004. However, C&I's claim did not accrue on that date. The contract's section four gives a number of options to Fidelity in how to proceed following the filing of a claim. The contract then goes on to state: "if the Surety does not proceed as provided in Section 4 with reasonable promptness, the Surety shall be deemed to be in default on this Bond fifteen days after receipt of an additional written notice from the Owner to the Surety demanding that the Surety perform its obligations." Otherwise the contract only allows for C & I to seek a remedy if Fidelity denies liability.

There is nothing in the record to show C & I gave written notice to Fidelity of its failure to promptly respond. Thus, for the purposes of this motion liability did not arise until the denial of the claim. The claim was denied on March 3, 2005. Therefore the instant suit was filed within the applicable statute of limitations.

Defendant's motion for summary judgment is DENIED.

This the 28th day of October, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**